IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVE H. HANKE<br>3400 N. Charles Street<br>Baltimore, MD 21218<br><br>and<br><br>JOHN C. YOO<br>1550 Tiburon Blvd., Suite G-503<br>Berkeley, CA 94704,<br>                    Plaintiffs,<br><br>          v.<br><br>MIGUEL CARDONA, in his official capacity as SECRETARY OF THE U.S. DEPARTMENT OF EDUCATION<br>400 Maryland Avenue, SW<br>Washington, D.C. 20202<br><br>ELLIE PELAEZ, in her official capacity as DESIGNATED FEDERAL OFFICER for the National Board For Education Sciences, U.S. DEPARTMENT OF EDUCATION<br>400 Maryland Avenue, SW<br>Washington, D.C. 20202<br><br>and<br><br>DEPARTMENT OF EDUCATION<br>400 Maryland Avenue, SW<br>Washington, D.C. 20202,<br><br>                    Defendants. | COMPLAINT<br><br>Civil Action No. 1:21-1913 |

## INTRODUCTION

1. Before the expiration of the last Presidential Administration, President Trump appointed Plaintiffs Steve H. Hanke and John C. Yoo to the

National Board for Education Sciences (NBES), which was established by statute to advise officials within the Department of Education (DOE) on research priorities, grants, and related matters. A series of emails from White House and State Department staff informed Plaintiffs that their presidential commissions were signed by the President, properly recorded by the Secretary of State, and forwarded to the Department of Education for final delivery. After the change of presidential administration, the Education Department has refused to deliver Plaintiffs' commissions to them or their undersigned counsel despite repeated requests over many months.

2. The Education Department also has failed to acknowledge the validity of Plaintiffs' appointments and has made it impossible for Plaintiffs to begin their statutory work as NBES members overseeing Education Department research—despite statutory deadlines requiring the NBES to meet at least three times per year and for the Board to issue a report to Congress by July 1 of each year.

3. The Defendants' refusal to deliver Plaintiffs' commission violates the rule of law declared in *Marbury v. Madison* 218 years ago. And by thwarting Plaintiffs' ability to perform any of their statutory duties, Defendants have frustrated legislation enacted by Congress to, among other things, ensure that activities conducted or supported by the DOE's Institute of Education Sciences (IES) are objective, secular, neutral, nonideological, and free of partisan political influence and racial, cultural, gender, or regional bias. 20 U.S.C. § 9516(b)(8).

4. The current Administration has the power to remove members of the Board, but the rule of law and separation of powers principles require accountability and transparency for those choices. It may not obstruct the work of the NBES by simply ignoring the valid appointment of Plaintiffs by the prior Administration and refusing to convene the NBES to begin its statutorily required work.

5. Plaintiffs Steve H. Hanke and John C. Yoo bring this action against Defendants Miguel Cardona, in his official capacity as Secretary of the DOE, and Ellie Pelaez, in her official capacity as Designated Federal Officer (DFO) for the National Board for Education Sciences, to require Defendants to deliver the signed commissions appointing Plaintiffs to the NBES and for Defendants to schedule and convene at least three NBES meetings this calendar year as required by statute.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331, the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 706.

7. Venue is proper pursuant to 28 U.S.C. § 1391(e).

## PARTIES

8. Plaintiff Steve H. Hanke is a Professor of Applied Economics and Founder & Co-Director of the Institute for Applied Economics, Global Health, and the Study of Business Enterprise at The Johns Hopkins University in Baltimore, Maryland.

9. Plaintiff John C. Yoo is the Emanuel S. Heller Professor of Law at the University of California, Berkeley, a Nonresident Senior Fellow at the American Enterprise Institute in Washington, D.C., and a Visiting Fellow at the Hoover Institution in Stanford, California.

10. Defendant Miguel Cardona is the Secretary of the U.S. Department of Education and oversees all components of the Department, including the IES and the DFO for the NBES. Defendant Secretary Cardona is sued in his official capacity only.

11. Defendant Ellie Pelaez is the Designated Federal Officer pursuant to the Federal Advisory Committee Act, 5 U.S.C. App. 2 § 10(e), for the National Board for Education Sciences at the U.S. Department of Education. Defendant Pelaez is sued in her official capacity only.

12. Defendant Department of Education is an agency of the United States. The IES and the NBES are components of the Department, and the Department is responsible for those entities' compliance with the law.

## FACTS

### I. *The Presidential Appointments of Plaintiffs Hanke and Yoo*

13. On December 17, 2020, President Trump signed a commission appointing Plaintiff Hanke to the NBES.

14. Ms. Annie Morgan, Special Assistant to the President and Associate Director in the Office of Presidential Personnel, emailed Plaintiff Hanke and two DOE officials, Eric Ventimiglia and Thomas Wilson, on December 18, 2020.

4

Morgan's email advised all recipients that the President had appointed Plaintiff Hanke to the NBES and instructed Ventimiglia and Wilson to begin Plaintiff Hanke's on-boarding as soon as possible.

15. On January 4, 2021, Plaintiff Hanke returned his written oath of office for the NBES to Morgan.

16. On December 30, 2020, President Trump signed a commission for Plaintiff Yoo, appointing him to NBES.

17. Morgan, from the Office of Presidential Personnel, emailed Plaintiff Yoo and two DOE officials, Rebekah Clark and Thomas Wilson, on January 4, 2021. Morgan's email advised all recipients that the President had appointed Plaintiff Yoo to the NBES and instructed Clark and Wilson to begin Plaintiff Yoo's on-boarding as soon as possible.

18. On January 5, 2021, Plaintiff Yoo returned his written oath of office to Morgan, Clark, and Wilson.

## II. *Efforts to Obtain Plaintiffs Hanke and Yoo's Commissions*

19. Mr. Michael Cipriano, Program Analyst in the Office for Presidential Appointments at the Department of State, emailed Mr. James Bacon, Special Assistant to President Trump and Director of Operations in the Office of Presidential Personnel, on February 3, 2021, to provide the names of individuals whose signed and packaged commissions had not yet been picked up from the State Department.

20. In his February 3 email, Cipriano identified a number of the NBES members whose commissions had not yet been delivered or picked up, including: Marina A. DeWit; Dale Ahlquist; Plaintiff Steve H. Hanke; Larry Schweikart; James O'Neill; Adam Candeub; James Donovan; Kristan King Nevins; Siri Terjesen; Michael Anton; Michael Faulkender; Plaintiff John C. Yoo; Marjorie Jones Dannenfelser; and Thomas Gilman.

21. That same day, Bacon offered to pick up the commissions and handle their delivery to the NBES appointees Dale Ahlquist; Plaintiff Steve H. Hanke; Adam Candeub; James Donovan; and Plaintiff John C. Yoo.

22. On Thursday, February 4, Cipriano confirmed via email that Bacon could pick up these NBES commissions from the State Department on Monday, February 8. But later that evening, Cipriano notified Bacon that "the Department of Education informed us they will be coming tomorrow morning to get their commissions" and that Bacon did not need to worry about picking up the commissions for the NBES members.

23. The next day, Cipriano identified Karen Akins as the State Department's point of contact at the Department of Education for the NBES commissions and provided her contact information to Bacon.

24. On February 26, Cipriano emailed Bacon that the State Department reached out to Akins and that she had been out of town dealing with a death in her family. Cipriano writes, "[s]he will make sure the commissions get to the right place when she returns."

25. On March 11, 2021, Bacon informed Cipriano that the appointees still had not received their commissions from Akins and asked that Cipriano "nudge her or someone else at Ed."

26. Plaintiffs have made multiple attempts to obtain their commissions from Akins or other officials at the Department of Education. Each attempt was unsuccessful, and many went unanswered.

### III. Requests for an NBES Meeting Go Unanswered

27. A majority of the voting members of the NBES constitutes a quorum. Unlike many federal advisory committees that meet only when a federal agency seeks their advice, the Education Sciences Reform Act provides that the NBES must meet at least three times a year, with additional meetings at the call of the Chair or upon the written request of six or more voting Board members. Since the Board selects its Chair from its members and there has not been a quorum for a meeting for some time, there is no current Chair, and none can be elected until a Board meeting is convened. The Education Sciences Reform Act also provides that the Board is mandated to issue an annual report "to the Director, the Secretary, and the appropriate congressional committees, not later than July 1 of each year, a report that assesses the effectiveness of the Institute." 20 U.S.C. § 9516.

28. Upon information and belief, a quorum of the NBES board members is appointed to serve.

29. Plaintiffs base their belief about the NBES quorum on news accounts relating who President Trump intended to appoint to the NBES, emails from White

House officials that copied other NBES appointees regarding whom was actually appointed, and conversations with NBES appointees and former White House Office of Personnel Officials in recent months.

30. Beginning in late January, Plaintiff Hanke repeatedly requested NBES' DFO, Defendant Pelaez, to schedule a meeting of the NBES so that the Board may commence its statutory duties.

31. On January 27, 2021, Plaintiff Hanke emailed Defendant Pelaez, in the Office of the Deputy for Administration and Policy at IES, to request a virtual NBES meeting to be held on February 11, 2021, and that notice of the meeting be published in the Federal Register immediately.

32. The February 11 meeting was requested, among other things, to select a Board chair and to hire an NBES Executive Director.

33. Plaintiff Hanke emailed Defendant Pelaez again the next day, January 28, about scheduling a board meeting. Plaintiff Hanke copied the other appointed members of the NBES and added some suggestions regarding pressing topics the NBES should consider.

34. On February 3, 2021, Plaintiff Hanke emailed Defendant Pelaez and IES Director Mark Schneider once again requesting that they schedule a meeting of the NBES. In this email, Hanke wrote:

> A quorum of the Board has been appointed by the President, and they have submitted their Confidential Financial Disclosure Report (OGE Form 450). It is my understanding that, in accordance with the Code of Federal Regulations Section 5 CFR § 2634.903(b) (3), the OGE Form 450 is the only form required to be submitted (and just submitted) by a Board member before they can participate in their first Board meeting.

8

> If there is some other provision in the regulations that requires further approval prior to a Board member's first meeting, kindly let me know. If not, schedule a meeting, as I requested, and without further delay.

35. In a phone conversation with Plaintiff Hanke on or about February 5, 2021, IES Director Schneider questioned whether Plaintiff Hanke's appointment was complete, adding that the matter was out of his hands.

36. No Department of Education official has noticed an NBES meeting nor has an NBES meeting occurred in 2021.

### IV. *Letter to Secretary Cardona Acknowledged, But Unanswered*

37. On April 29, 2021, undersigned counsel sent a letter to Defendant Secretary Cardona on behalf of Plaintiffs Hanke and Yoo, requesting the delivery of their commissions, acknowledgment of the legal validity of their appointments, and to call a meeting of the NBES board members. A copy of the Cardona Letter is attached as Exhibit A.[1]

38. Because the Education Sciences Reform Act requires at least three Board meetings per year and the issuance of a statutory report by July 1 of each year, the letter requested full compliance or a written response by Thursday, May 29, 2021.

39. On May 21, 2021, Mr. Philip Rosenfelt, Deputy General Counsel for Program Service, in the Office of the General Counsel for the U.S. Department of

---

[1] The Cardona Letter was originally sent on April 29, 2021. On April 30, 2021, we sent another copy of the Cardona Letter which only corrected typographical errors but did not materially alter the substance of the letter. The corrected letter is attached.

9

Education, emailed undersigned counsel to acknowledge receipt of the Cardona Letter.

40. On June 3, 2021, when the department failed to substantively respond to the Cardona Letter, undersigned counsel emailed Rosenfelt to request for an in-person or telephonic meeting to discuss the resolution of the issues identified in the Cardona Letter within the following two weeks.

41. There was no response from Rosenfelt to the June 3 email and request for meeting.

42. As of the date of this complaint, Defendants have not complied with the requests nor provided any substantive response to the Cardona Letter or subsequent emails.

## COUNT I

**Violation of the Education Sciences Reform Act: An Action in the Nature of Mandamus (Refusal to Deliver Commission)**

43. Plaintiffs repeat and incorporate all the above paragraphs.

44. Plaintiffs have a clear and vested right to the possession of their federal commissions. *See Marbury v. Madison*, 5 U.S. 137, 137–39 (1803).

45. As duly appointed members of the NBES, Plaintiffs are entitled to the delivery of their presidential commissions and Defendants have a clear duty to deliver those commissions, notwithstanding the change of presidential administration following their appointments. *See id.*

46. The delivery of federal commissions, to which their recipients are entitled, is a merely ministerial act not requiring executive discretion and therefore a proper object of mandamus relief. *See id.* at 151.

47. Plaintiffs' requests for their commissions were rebuffed and those commissions remain unlawfully withheld in the possession or control of the Department of Education.

48. Plaintiffs will remain continually injured in the deprivation of the commissions to which they are entitled so long as the Department withholds those commissions.

49. There remains no adequate legal remedy other than the compelling of the commissions' delivery by injunctive relief in the nature of mandamus from this Court. *Kendall v. U.S. ex rel. Stokes*, 37 U.S. 524, 614 (1838) ("[I]t is seldom that a private action at law will afford an adequate remedy. If the denial of the right be considered as a continuing injury, to be redressed by a series of successive actions, as long as the right is denied; it would avail nothing, and never furnish a complete remedy.").

50. This Court should grant Plaintiffs relief in the nature of mandamus under the Mandamus Act, 28 U.S.C. § 1361, compelling Defendant Secretary Cardona to effect delivery of Plaintiffs' commissions with all reasonable haste or by a prompt time certain fixed by the sound discretion of this Court.

51. In the alternative, this Court should grant Plaintiffs injunctive relief in the nature of mandamus under the Administrative Procedure Act, 5 U.S.C. § 706(1),

pursuant to Plaintiffs' Count III, compelling Defendant Secretary Cardona to effect delivery of Plaintiffs' commissions with all reasonable haste or by a prompt time certain fixed by the sound discretion of this Court.

## COUNT II

### Violation of the Education Sciences Reform Act: An Action in the Nature of Mandamus (Refusal to Hold Required Meetings)

52. Plaintiffs repeat and incorporate all the above paragraphs.

53. Plaintiffs have a clear right to participate in the statutorily mandated duties of the NBES under the Education Sciences Reform Act; the Defendant has a clear duty to act by scheduling and convening the NBES for its statutorily mandated meetings, which Plaintiffs and the NBES itself are powerless to schedule and convene without the approval of Defendant Pelaez; and there is no other adequate remedy at law available to Plaintiffs.

54. Under the Education Sciences Reform Act, the NBES is compelled to meet "not less than 3 times each year" and "submit to the Director, the Secretary, and the appropriate congressional committees, not later than July 1 of each year, a report that assesses the effectiveness of the [IES.]" 20 U.S.C. § 9516.

55. Yet, all federal advisory committees covered by the Federal Advisory Committee Act, which includes the NBES, are prohibited from "hold[ing] any meetings except at the call of, or with the advance approval of, a designated officer [DFO] or employee of the Federal Government." 5 U.S.C. App. 2 § 10(f).

56. Since Plaintiffs and other NBES members are not empowered to schedule or convene NBES meetings on their own, it is incumbent on Defendant

Secretary Cardona and the NBES' DFO, Defendant Pelaez, to perform their clear duty to act by scheduling and convening the statutorily required NBES meetings so that Plaintiffs and other NBES members may fulfill the commands of Congress.

57. Plaintiffs seek to compel the strictly ministerial act on the part of Defendants to schedule at least three meetings before the end of the calendar year so that Plaintiffs and the Department of Education itself may meet their statutory obligations under the Education Sciences Reform Act. *See* 20 U.S.C. § 9516(c)(9) ("The Board shall meet not less than 3 times each year.").

58. This Circuit recently held it "is an appropriate subject for mandamus relief" to "simply[ ] seek to compel [an] agenc[y] to make decisions within the statutory time frames." *In re Public Employees for Environmental Responsibility*, 957 F.3d 267, 273 (D.C. Cir. 2020) (internal quotations omitted).

59. Since the NBES is compelled to meet by statute "not less than 3 times each year" and "submit to the Director, the Secretary, and the appropriate congressional committees, not later than July 1 of each year, a report that assesses the effectiveness of the Institute[,]" 20 U.S.C. § 9516, Plaintiffs seek nothing more than to compel Defendants "to make decisions within the statutory time frames." *In re Public Employees for Environmental Responsibility*, 957 F.3d at 273 (quotation omitted).

60. Because (1) Plaintiffs have a clear right to perform their civic and statutory duties of serving on and participating in the business of the NBES, (2) Defendants have a clear duty to call the NBES into its required meetings, and

(3) there is no other adequate remedy for Defendants' failure to act; Plaintiffs are entitled to injunctive relief in the nature of mandamus, *see Statewide Bonding, Inc. v. DHS*, 980 F.3d 109, 107 (D.C. Cir. 2020), under the Mandamus Act, 28 U.S.C. § 1361, or in the alternative, to injunctive relief under the Administrative Procedure Act, 5 U.S.C. § 706(1), pursuant to Plaintiffs' Count IV.

## COUNT III

### Violation of *Marbury v. Madison*: Declaratory and Injunctive Relief Under the APA (Refusal to Deliver Commissions)

61. Plaintiffs repeat and incorporate all the above paragraphs.

62. Injunctive relief is proper when, as here, private parties are adversely affected or aggrieved by agency action or inaction and the Court is authorized to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. §§ 702, 706(1).

63. Plaintiffs' commissions are in the possession or control of the Department of Education and Plaintiffs' attempts to obtain those commissions have been unsuccessful.

64. Defendants' withholding Plaintiffs commissions is "violative of a vested legal right." *See Marbury v. Madison*, 5 U.S. 137, 162 (1803).

65. Defendants' failure to deliver Plaintiffs' commissions is "agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1).

66. Defendant Secretary Cardona has constructive knowledge that the Department of Education is in possession or control of Plaintiffs' commissions.

67. Plaintiffs are harmed by Defendants' unlawfully withholding their commissions to which they are legally entitled. *See id.*; 20 U.S.C. § 9516.

68. Defendants' inaction is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law.

69. Plaintiffs are entitled to a declaratory judgment that Defendants are in violation of their non-discretionary legal obligations by failing to deliver Plaintiffs' commissions and to permanent injunctive relief requiring Defendants to deliver Plaintiffs' commissions.

## COUNT IV

**Violation of the Education Sciences Reform Act: Declaratory and Injunctive Relief Under the APA (Refusal to Hold Required Meetings)**

70. Plaintiffs repeat and incorporate all the above paragraphs.

71. Unlike many federal advisory committees that meet only when a federal agency seeks input, Congress mandated that the NBES board meet "not less than 3 times each year" (the Chair may call "additional meetings") and "submit to the Director, the Secretary, and the appropriate congressional committees, not later than July 1 of each year, a report that assesses the effectiveness of the Institute[.]" 20 U.S.C. § 9516.

72. Notwithstanding those minimum statutory meeting requirements, Plaintiffs and the entire NBES are prohibited by the Federal Advisory Committee Act from "hold[ing] any meetings except at the call of, or with the advance approval

15

of, a designated officer or employee of the Federal Government[,]" 5 U.S.C. App. 2 § 10(f).

73. Defendant Secretary Cardona is ultimately responsible for Defendant Pelaez and compliance with the Education Sciences Reform Act—including its requirement that the NBES meet at least three times each year so that the NBES can elect its Chair and fulfill its many statutory duties, including meeting its annual July 1 deadline to produce a report assessing the effectiveness of the IES.

74. Defendant Secretary Cardona has constructive knowledge of Defendant Pelaez's failure to schedule, approve, or convene any NBES meeting in 2021, directly resulting in the Board's failure to issue the required statutory report by July 1, 2021, evaluating the policies of IES.

75. Defendants' failure to schedule, approve, or convene the required meetings of the NBES harms Plaintiffs as NBES Board Members by preventing them from participating in NBES oversight, deliberations, and votes—including the selection of the NBES Chair, and it prevents Plaintiffs and all other NBES members from complying with their other statutorily prescribed duties.

76. Defendants' inaction is "agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1).

77. Defendants' inaction is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law.

78. Plaintiffs are entitled to a declaratory judgment that Defendants are in violation of their non-discretionary, statutory obligations under the Education

Sciences Reform Act by failing to schedule, approve, or convene an NBES meeting before its annual July 1 deadline to produce a statutorily required oversight report or to schedule or approve any meetings during the remainder of 2021.

79. Plaintiffs are entitled to permanent injunctive relief requiring Defendants to call at least three NBES meetings this calendar year in accordance with the Education Sciences Reform Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request and pray that this Court:

a. Grant Plaintiffs relief in the nature of mandamus, requiring Defendants to deliver Plaintiffs' commissions pursuant to the Mandamus Act; or in the alternative, Order Defendants to deliver Plaintiffs' commissions pursuant to § 706(1) of the Administrative Procedure Act;

b. Grant Plaintiffs relief in the nature of mandamus, requiring Defendants to comply with their obligations under the Education Sciences Reform Act to approve and schedule no fewer than three meetings of the NBES to be held before the end of this calendar year of 2021 by 11:59 p.m. on December 31st, or in the alternative, order Defendants to do the same pursuant to § 706(1) of the Administrative Procedure Act;

c. Declare that Defendants are in violation of their non-discretionary legal obligations by failing to deliver Plaintiffs' commissions;

     d.    Declare that Defendants violated the Education Sciences Reform Act by failing to call an NBES meeting before its annual July 1 statutory report deadline;

     e.    Declare these failures by Defendants to be arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law;

     f.    Award Plaintiffs its costs and reasonable attorney fees pursuant to 28 U.S.C. § 2412(a), (d), and any other appropriate authority; and,

     g.    Grant such other relief as the Court may deem just and proper.

DATED: July 15, 2021.

Respectfully submitted:

*/s/ Jessica L. Thompson*
JESSICA L. THOMPSON
D.C. Bar No. 1542170
TODD F. GAZIANO**\***
TX Bar No. 07742200
Pacific Legal Foundation
3100 Clarendon Blvd
Ste. 610
Arlington, VA 22201
Tel: (916) 500-2862
JLThompson@pacificlegal.org
TGaziano@pacificlegal.org

DANIEL T. WOISLAW**\***
VA Bar No. 91180
Pacific Legal Foundation
930 G Street
Sacramento, CA 95814
Tel: (916) 419-7111
DWoislaw@pacificlegal.org

**\****Pro hac vice* applications pending

*Attorneys for Plaintiffs*